1  DOUGLAS A. SCULLION  (SBN: 215339)
   ANNA RASSOULI  (SBN: 260911)
2  GORDON & REES LLP
   275 Battery Street, Suite 2000
3  San Francisco, CA  94111
   Telephone: (415) 986-5900
4  Facsimile: (415) 986-8054

5  Attorneys for Plaintiff
   THE LINCOLN NATIONAL LIFE
6  INSURANCE COMPANY

7

8              UNITED STATES DISTRICT COURT

9     CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

10  THE LINCOLN NATIONAL LIFE            )  Case No: **SACV12 - 00540 JST (RNBx)**
    INSURANCE COMPANY                    )
11                                       )  **COMPLAINT IN**
                                         )  **INTERPLEADER**
12                   Plaintiff,          )
                                         )
13      vs.                              )
                                         )
14  ALLEN S. LIEBERMAN, BRIAN            )
    LIEBERMAN, BRITTANY N.               )
15  LIEBERMAN, DOUGLAS LIEBERMAN,        )
    GLORIA LIEBERMAN, JERRY              )
16  LIEBERMAN, LORRAINE LIEBERMAN,       )
    PETER M. WEITZNER.                   )
17                                       )
                      Defendants.        )
18

19      Plaintiff The Lincoln National Life Insurance Company ("Lincoln") alleges

20  as follows:

21                  I.      **PARTIES**

22      1.      Lincoln is and at all relevant times has been a corporation organized

23  and existing under the laws of the State of Indiana, with its principal place of

24  business in Fort Wayne, Indiana.

25      2.      On information and belief, defendant ALLEN S. LIEBERMAN is an

26  individual residing in Clark County, Nevada, and the brother of Philip R.

27  Lieberman, deceased. Allen Lieberman is a potential beneficiary under a life

28  insurance  policy,  policy  No.  MF5567663  (the  "Policy"),  that  Lincoln's

- 1 -

COMPLAINT IN INTERPLEADER

1 predecessor-in-interest, Jefferson-Pilot Financial Insurance Company, issued to
2 Philip R. Lieberman, deceased.

3  3.  On information and belief, defendant BRIAN LIEBERMAN is an
4 individual who has not yet reached the age of majority, is currently residing in
5 Orange County, California, and is the son of Philip R. Lieberman, deceased. Brian
6 Lieberman is a potential beneficiary under the Policy.

7  4.  On information and belief, defendant BRITTANY N. LIEBERMAN
8 is an individual residing in Orange County, California, and the daughter of Philip
9 R. Lieberman, deceased. Brittany Lieberman is a potential beneficiary under the
10 Policy.

11  5.  On information and belief, defendant DOUGLAS LIEBERMAN is an
12 individual residing in Clark County, Nevada, and the brother of Philip R.
13 Lieberman, deceased. Douglas Lieberman is a potential beneficiary under the
14 Policy.

15  6.  On information and belief, defendant GLORIA LIEBERMAN is an
16 individual residing in Orange County, California, and the former spouse of Philip
17 R. Lieberman, deceased. Gloria Lieberman is a potential beneficiary under the
18 Policy.

19  7.  On information and belief, defendant JERRY LIEBERMAN is an
20 individual residing in Clark County, Nevada, and the father of Philip R.
21 Lieberman, deceased. Jerry Lieberman is a potential beneficiary under the Policy.

22  8.  On information and belief, defendant LORRAINE LIEBERMAN is
23 an individual residing in Clark County, Nevada, and the mother of Philip R.
24 Lieberman, deceased. Lorraine Lieberman is a potential beneficiary under the
25 Policy.

26  9.  On information and belief, defendant PETER M. WEITZNER is an
27 individual residing in Orange County, California, and a friend of Philip R.
28 Lieberman, deceased. Peter Weitzner is a potential beneficiary under the Policy.

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

- 2 -

## II.   JURISDICTION AND VENUE

10.   This is a Complaint in Interpleader in which at least two defendants are seeking payment of the proceeds of the Policy. The Policy proceeds total $2,000,000, and if this Court so orders, Lincoln will deposit these funds into the Registry of the Court.

11.   This Court has original jurisdiction under 28 U.S.C. section 1335, and diversity jurisdiction under 28 U.S.C. section 1332.

12.   Venue is proper in this District pursuant to 28 U.S.C. section 1397 because one or more of the defendants reside here.

## III.   STATEMENT OF THE CASE

13.   Lincoln realleges and incorporates paragraphs 1 through 12 of the Complaint in Interpleader.

14.   On or about January 15, 2007, Lincoln's predecessor in interest, Jefferson Pilot Financial Insurance Company, issued the Policy to Philip R. Lieberman. Philip Lieberman was the insured and owner of the Policy, and Mr. Lieberman designated "Gloria Lieberman, Former Spouse" as the sole beneficiary. The Policy provided a $2,000,000 death benefit. A true and correct copy of the Policy is attached hereto as **Exhibit A.**

15.   Lincoln is the successor in interest to Jefferson-Pilot Financial Insurance Company. Jefferson Pilot Financial Insurance Company merged into Lincoln on or about July 2, 2007. Prior to its merger with Lincoln, Jefferson Pilot Financial Insurance Company was a corporation duly organized and existing under the laws of the State of Nebraska.

16.   On or about July 16, 2009, Philip Lieberman added his daughter, defendant Brittany Lieberman, as a Contingent Beneficiary on the Policy. A true and correct copy of the July 16, 2009 Life Beneficiary And Name Change Form adding Brittany Lieberman as a contingent beneficiary to the Policy is attached hereto as **Exhibit B.**

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

- 3 -

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

17. On or about April 1, 2011, Philip Lieberman changed the primary beneficiary on the Policy from Gloria Lieberman to Brittany Lieberman. On the form he submitted to Lincoln to effect this change, Mr. Lieberman wrote that he would provide the name of a contingent beneficiary "at a later date." A true and correct copy of the April 1, 2011 Life Beneficiary And Name Change Form is attached hereto as **Exhibit C.**

18. On or about November 21, 2011, Philip Lieberman signed a "Life Beneficiary And Name Change Form" for the Policy, designating Gloria Lieberman as the sole Primary Beneficiary. A true and correct copy of this November 21, 2011 Life Beneficiary And Name Change Form is attached hereto as **Exhibit D.**

19. Philip Lieberman died five days later on November 26, 2011.

20. At least five of the defendants (Gloria Lieberman, Brittany Lieberman, Lorraine Lieberman, Allen Lieberman and Peter Weitzner) have submitted competing claims to Lincoln for the proceeds of the Policy.

21. On or about December 13, 2011, Gloria Lieberman submitted a claim under the Policy, asserting that she is the sole beneficiary of the Policy at the time of Philip Lieberman's death.

22. On or about December 15, 2011, Brittany Lieberman submitted a claim to the Policy's death benefits. She contended that Gloria Lieberman exercised undue influence over Philip Lieberman in November, 2011, and further that Phillip Lieberman was of unsound mind when he designated Gloria Lieberman as the Policy beneficiary on November 21, 2011. Brittany Lieberman thus contended the November 21, 2011 beneficiary change was invalid and that she is the sole beneficiary on the Policy.

23. On or about December 30, 2011, Brittany Lieberman notified Lincoln that she was withdrawing her claim under the Policy.

24. On or about January 4, 2012, attorney Steven Scow wrote to Lincoln

- 4 -

COMPLAINT IN INTERPLEADER

and notified the company that he was counsel for Jerry and Lorraine Lieberman and that his clients would be submitting claims to the Policy's death benefits.

25.   On or about January 17, 2012, Brittany Lieberman notified Lincoln that she was no longer certain she would be withdrawing her claim under the Policy.

26.   On or about January 29, 2012 Brittany Lieberman notified Lincoln through a handwritten, signed note as follows: "I am hereby lifting my claim against Gloria Lieberman, my mother and named beneficiary on the insurance claim. This decision is final."

27.   On January 30, 2012, Lorraine Lieberman, Allen Lieberman and Peter Weitzner submitted claims under the Policy.

28.   On February 1, 2012, Lincoln received a copy of correspondence from Steven Scow to counsel for Gloria Lieberman indicating that Mr. Scow's clients, Lorraine Lieberman, Allen Lieberman, Douglas Lieberman and Peter Weitzner would be submitting claims on the Policy, contending they are beneficiaries under the Policy based on a handwritten note found after Philip Lieberman's death.

29.   On information and belief, the Defendants have not reached an agreement regarding the proper recipient(s) of the Policy proceeds.

30.   Based on the foregoing competing claims, and the possibility of further competing claims, there is uncertainty as to whom Lincoln should pay the proceeds of the Policy. This uncertainty creates the real possibility that Lincoln could face double or multiple liability if it pays the Policy proceeds to the person listed as the beneficiary at the time of Philip R. Lieberman's death.

## IV.   COMPETING CLAIMS FOR POLICY PROCEEDS

31.   To resolve these controversies, Lincoln files this Complaint In Interpleader in good faith and without collusion with any of the defendants. Lincoln claims no beneficial interest in the Policy benefits and is a mere stakeholder to these proceeds.

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

- 5 -

32.    Lincoln is now, and has at all times, been ready, willing and able to pay the person or persons legally entitled to the Policy proceeds, and is herewith seeking permission to deposit into the Registry of this Court all sums payable under the Policy.

## V.    PRAYER FOR RELIEF

WHEREFORE, Lincoln prays for relief as set forth below:

33.    The aforesaid $2,000,000 in Policy proceeds be accepted into the Registry of this Court to be held in an interest-bearing account for future disbursement according to the judgment of this Court;

34.    Lincoln be discharged from all further liability and this Court adjudicate to whom the Clerk of Court should disburse the aforesaid funds;

35.    An award be made to Lincoln out of the funds deposited into the Registry of this Court, to pay for the costs, attorneys' fees and other expenses which Lincoln is compelled to expend in the prosecution of this suit;

36.    The Defendants be required to assert their respective claims to the benefits paid into the Registry of the Court;

37.    The Court adjudicate the correct payee(s) for the benefits due under the Lincoln Policy; and

38.    Such further relief be granted as the Court deems just and proper.

Dated: April 6, 2012

GORDON & REES LLP

By _____

Douglas A. Scullion
Anna Rassouli
Attorneys for Plaintiff
THE LINCOLN NATIONAL LIFE
INSURANCE COMPANY

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

LFG/1076810/12119262v.1

- 6 -

COMPLAINT IN INTERPLEADER

# EXHIBIT A


JEFFERSON PILOT
FINANCIAL

**Jefferson Pilot Financial Insurance Company**
**Service Office:** 100 North Greene Street, P. O. Box 21008, Greensboro, NC 27420-1008 (800) 487-1485

A Stock Company

## READ YOUR POLICY CAREFULLY

**Right To Examine Your Policy** - Within 20 days after You receive this policy, You may have it cancelled by returning it to Us, to the agent from whom You bought it, or to any of Our agents. The return of this policy will void it from the beginning and We will refund any premiums paid.

**Jefferson Pilot Financial Insurance Company** promises to pay the face amount to the beneficiary upon receipt at our Service Office of due proof of death of the Insured, subject to the terms and conditions of this policy. All benefits will be payable subject to the policy provisions.

**The First Premium is Payable** on or before delivery of this policy. Further premiums are due after the Policy Date pursuant to the provisions of this policy.

**This Policy** is a legal contract between the Owner ("you," "your") and the Jefferson Pilot Financial Insurance Company ("we," "us," "our," and "Company").

SPECIMEN
_____
Chief Executive Officer

SPECIMEN
_____
Secretary

**TERM TO AGE 95 LIFE INSURANCE POLICY**
**WITH PREMIUM ADJUSTMENT PROVISION**
**Nonparticipating**
**Conversion Period Specified On Page Three**
**Premiums Payable To Date Of Expiry**
**Insurance Payable At Death Prior To Date Of Expiry**

TRM5060

## SECTION 1 - GUIDE TO POLICY PROVISIONS

| SECTION | PROVISION | PAGE | SECTION | PROVISION | PAGE |
|---------|-----------|------|---------|-----------|------|
| 2 | **POLICY SPECIFICATIONS**<br>2.1 Policy Data | 3 | 6 | **PREMIUM ADJUSTMENT AND EXCHANGE PROVISION**<br>6.1 Premium Adjustment Provision | 6 |
| 3 | **GENERAL PROVISIONS**<br>3.1 The Contract | 5 | | 6.2 Exchange Provision | 7 |
| | 3.2 Incontestability<br>3.3 Change of Provisions<br>3.4 Misstatement of Age or Sex | | 7 | **OWNERSHIP**<br>7.1 Rights of Ownership<br>7.2 Transfer of Ownership<br>7.3 Collateral Assignment | 7 |
| | 3.5 Payments by the Company<br>3.6 Suicide Exclusion<br>3.7 Policy Date | | 8 | **BENEFICIARIES**<br>8.1 Designation and Change of Beneficiaries<br>8.2 Succession in Interest of Beneficiaries and Payees<br>8.3 Form and Effective Date<br>8.4 General | 8 |
| 4 | **PREMIUM PAYMENT AND REINSTATEMENT**<br>4.1 Premium<br>4.2 Grace Period<br>4.3 Reinstatement | 5 | | | |
| | 4.4 Premium Refund<br>4.5 Nonparticipation | 6 | 9 | **SETTLEMENT OPTIONS**<br>9.1 Payment | 8 |
| 5 | **CONVERSION PRIVILEGES**<br>5.1 Regular Conversion<br>5.2 Other Conversions | 6 | | | |
| | | | | | |

The Application and any Additional Forms will follow Page 8.

## SECTION 2 – POLICY SPECIFICATIONS

| | | | |
|---|---|---|---|
| POLICY NUMBER | MF5567663 | ** $2,000,000 ** | FACE AMOUNT |
| INSURED | PHILIP R LIEBERMAN | TERM TO AGE 95 | PLAN |
| DATE OF ISSUE | JANUARY 15, 2007 | LIFE INSURANCE | |
| AGE AT ISSUE | 46 | PREFERRED PLUS NON-TOBACCO | POLICY CLASS |
| SEX | MALE | JANUARY 15, 2007 | POLICY DATE |
| CONVERSION | WITHIN THE FIRST 10 POLICY YEARS PRIOR TO AGE 70 | | |
| POLICY EXCHANGE DATE | JANUARY 15, 2017 | | |
| MAXIMUM ATTAINED AGE FOR EXCHANGE | 75 | | |

### SCHEDULE OF BENEFITS

| BENEFIT DESCRIPTION | FIRST YEAR ANNUAL PREMIUM* | DATE OF EXPIRY |
|---|---|---|
| TERM LIFE INSURANCE POLICY | $1,455.00 | JANUARY 15, 2056 |
| TERMINAL ILLNESS ACCELERATED BENEFIT RIDER | | |



*PREMIUMS FOR ALL POLICY YEARS ARE SHOWN ON THE FOLLOWING POLICY SPECIFICATION PAGES. THE ANNUAL PREMIUM FOR THE TERM LIFE INSURANCE POLICY INCLUDES $75.00 ANNUAL FEE.

PREMIUMS MAY BE PAID ANNUALLY, SEMI-ANNUALLY, QUARTERLY, MONTHLY OR AT ANY MODE AGREED UPON BY US.  THE MODE OF PAYMENT MAY BE CHANGED AT ANY POLICY ANNIVERSARY BY WRITTEN AGREEMENT.  ANY MODE PREMIUM WILL BE BASED ON THE FOLLOWING MODE FACTORS:

| ANNUALLY | SEMI-ANNUALLY | QUARTERLY | MONTHLY |
|---|---|---|---|
| 1.000 | .515 | .262 | .089 |

GUARANTEED MAXIMUM ANNUAL PREMIUMS SCHEDULE

POLICY NUMBER:   MF5567663                              INSURED:   PHILIP R LIEBERMAN

| POLICY YEAR | *TERM LIFE INSURANCE POLICY | **TOTAL ANNUAL PREMIUMS |
|---|---|---|
| 01 | $1,455.00 | $1,455.00 |
| 02 | 1,455.00 | 1,455.00 |
| 03 | 1,455.00 | 1,455.00 |
| 04 | 1,455.00 | 1,455.00 |
| 05 | 1,455.00 | 1,455.00 |
| 06 | 1,455.00 | 1,455.00 |
| 07 | 1,455.00 | 1,455.00 |
| 08 | 1,455.00 | 1,455.00 |
| 09 | 1,455.00 | 1,455.00 |
| 10 | 1,455.00 | 1,455.00 |
| 11 | 24,635.00 | 24,635.00 |
| 12 | 27,395.00 | 27,395.00 |
| 13 | 29,755.00 | 29,755.00 |
| 14 | 32,475.00 | 32,475.00 |
| 15 | 35,755.00 | 35,755.00 |
| 16 | 39,755.00 | 39,755.00 |
| 17 | 44,635.00 | 44,635.00 |
| 18 | 50,115.00 | 50,115.00 |
| 19 | 55,875.00 | 55,875.00 |
| 20 | 61,955.00 | 61,955.00 |
| 21 | 68,115.00 | 68,115.00 |
| 22 | 74,355.00 | 74,355.00 |
| 23 | 81,075.00 | 81,075.00 |
| 24 | 88,035.00 | 88,035.00 |
| 25 | 96,475.00 | 96,475.00 |
| 26 | 105,915.00 | 105,915.00 |
| 27 | 118,315.00 | 118,315.00 |
| 28 | 131,395.00 | 131,395.00 |
| 29 | 145,155.00 | 145,155.00 |
| 30 | 160,195.00 | 160,195.00 |
| 31 | 176,595.00 | 176,595.00 |
| 32 | 195,635.00 | 195,635.00 |
| 33 | 217,875.00 | 217,875.00 |
| 34 | 243,555.00 | 243,555.00 |
| 35 | 271,555.00 | 271,555.00 |
| 36 | 303,435.00 | 303,435.00 |
| 37 | 336,635.00 | 336,635.00 |

*THE ANNUAL PREMIUM FOR THE TERM LIFE INSURANCE POLICY INCLUDES $75.00 ANNUAL FEE.

PREMIUMS MAY BE PAID ANNUALLY, SEMI-ANNUALLY, QUARTERLY, MONTHLY OR AT ANY MODE AGREED UPON BY US.  THE MODE OF PAYMENT MAY BE CHANGED AT ANY POLICY ANNIVERSARY BY WRITTEN AGREEMENT.  ANY MODE PREMIUM WILL BE BASED ON THE FOLLOWING MODE FACTORS:

| ANNUALLY | SEMI-ANNUALLY | QUARTERLY | MONTHLY |
|---|---|---|---|
| 1.000 | .515 | .262 | .089 |

**TOTAL ANNUAL PREMIUMS COLUMN INCLUDES PREMIUMS FOR ANY ADDITIONAL BENEFITS WHICH MAY BE ATTACHED TO YOUR POLICY.  THE GUARANTEED MAXIMUM ANNUAL PREMIUMS SCHEDULE FOR ANY ADDITIONAL BENEFITS ARE SHOWN ON THE FOLLOWING PAGES IF APPLICABLE.

GUARANTEED MAXIMUM ANNUAL PREMIUMS SCHEDULE

POLICY NUMBER:   MF5567663                                    INSURED:   PHILIP R LIEBERMAN

| POLICY YEAR | *TERM LIFE INSURANCE POLICY | **TOTAL ANNUAL PREMIUMS |
|---|---|---|
| 38 | $372,435.00 | $372,435.00 |
| 39 | 412,075.00 | 412,075.00 |
| 40 | 456,355.00 | 456,355.00 |
| 41 | 505,435.00 | 505,435.00 |
| 42 | 559,035.00 | 559,035.00 |
| 43 | 616,475.00 | 616,475.00 |
| 44 | 677,075.00 | 677,075.00 |
| 45 | 740,315.00 | 740,315.00 |
| 46 | 799,795.00 | 799,795.00 |
| 47 | 861,795.00 | 861,795.00 |
| 48 | 927,195.00 | 927,195.00 |
| 49 | 996,275.00 | 996,275.00 |



*THE ANNUAL PREMIUM FOR THE TERM LIFE INSURANCE POLICY INCLUDES $75.00 ANNUAL FEE.

PREMIUMS MAY BE PAID ANNUALLY, SEMI-ANNUALLY, QUARTERLY, MONTHLY OR AT ANY MODE AGREED UPON BY US.  THE MODE OF PAYMENT MAY BE CHANGED AT ANY POLICY ANNIVERSARY BY WRITTEN AGREEMENT.  ANY MODE PREMIUM WILL BE BASED ON THE FOLLOWING MODE FACTORS:

| ANNUALLY | SEMI-ANNUALLY | QUARTERLY | MONTHLY |
|---|---|---|---|
| 1.000 | .515 | .262 | .089 |

**TOTAL ANNUAL PREMIUMS COLUMN INCLUDES PREMIUMS FOR ANY ADDITIONAL BENEFITS WHICH MAY BE ATTACHED TO YOUR POLICY.  THE GUARANTEED MAXIMUM ANNUAL PREMIUMS SCHEDULE FOR ANY ADDITIONAL BENEFITS ARE SHOWN ON THE FOLLOWING PAGES IF APPLICABLE.



**(This Page Left Blank Intentionally)**

## SECTION 3 - GENERAL PROVISIONS

**3.1 The Contract**
This is your policy. This policy, the attached copy of the application and any endorsements and/or amendments, any attached supplemental applications and riders make up the entire contract. Except as provided under Section 3.6, we agree not to use any statements other than those made in the application in defense of a claim, or in any attempt to avoid liability under this policy. In the absence of fraud, the statements made in the application will be treated as representations and not as warranties.

**3.2 Incontestability**
This policy will be incontestable, except for fraud, after it has been in force during the lifetime of the insured for two (2) years from its Date of Issue.  This means we cannot use any statement in your application to challenge a claim or avoid liability after that time. If this policy is reinstated, the incontestability period will start over again beginning on the reinstatement date, but only for statements made in any application for reinstatement.

**3.3 Change of Provisions**
No agent or other person except our Chief Executive Officer, President, a Vice President, or our Secretary or Assistant Secretary has authority to bind us, to extend the time in which you can pay your premiums, or to agree to change this policy. Any such change must be in writing.

**3.4 Misstatement of Age or Sex**
If the insured's age or sex is misstated, we will adjust any proceeds payable to the amount which the premiums paid would have purchased at the correct age and sex according to the Company's rate on the Policy Date.

**3.5 Payments by the Company**
All payments by us under this policy are payable at our Service Office in U.S. Dollars.

**3.6 Suicide Exclusion**
If this policy is in force and the insured commits suicide, while sane or insane, within two (2) years from the Date of Issue, we will limit our payment to a refund of premiums paid.

**3.7 Policy Date**
The date we use to determine policy anniversaries, policy years and policy months. If a requested Policy Date should fall on the 29th, 30th or 31st of a month, the policy date will be the 28th of such month.

## SECTION 4 - PREMIUM PAYMENT AND REINSTATEMENT

**4.1 Premium**
All premiums after the first are payable at our Service Office. All premiums are payable in U.S. Dollars. A premium must be paid on or before its due date. Premiums may be paid annually, semiannually, quarterly or at any mode agreed upon by us. The mode of payment may be changed at any policy anniversary by written agreement. Any mode premium will be based on the Company's published mode factors in force on the Policy Date as shown in the Policy Specifications.

**4.2 Grace Period**
A 31 day grace period will be allowed for payment of any premium after the first. The policy will remain in force during this period. If the insured dies within the grace period, any overdue premium will be paid from the proceeds of the policy. If the premium is not paid within the grace period, the policy will lapse as of the due date.

**4.3 Reinstatement**
The policy lapses at the end of the grace period. It may be reinstated during the lifetime of the insured and within five (5) years after the due date of the unpaid premium. Within fifteen (15) days after the end of the grace period and during the lifetime of the insured, the policy may be reinstated by payment of the overdue premium. After fifteen (15) days after the end of the grace period, reinstatement is subject to:

   a)  Evidence of insurability satisfactory to us; and

   b)  Payment of all overdue premiums; and

   c)  Interest on all overdue premiums from the due date of each premium. The interest rate is eight percent (8%) per annum, compounded annually.

Reinstatement will not be permitted if the policy has been continued as Reduced Paid-Up Insurance or surrendered for cash under a nonforfeiture option as provided in any Return of Premium Rider that may be attached to this policy. Limitations may also apply to the reinstatement of additional riders and/or benefits that may be attached, as stipulated in the provisions of the additional riders and/or benefits.

F5260

Policy Number  MF5567663

## SECTION 4 - PREMIUM PAYMENT AND REINSTATEMENT (Continued)

**4.4 Premium Refund**

We will refund, as a part of the proceeds, the portion of the premium paid for a period beyond the policy month in which the Insured dies. There shall be no other premium refund except as required by law.

**4.5 Nonparticipation**

This policy does not share in our earnings. No dividends are payable.

## SECTION 5 - CONVERSION PRIVILEGES

**5.1 Regular Conversion**

You may convert this policy during the conversion period described on Page Three if no premium is in default. No proof of insurability is required to convert the base policy. You may change to any permanent life plan made available by us for the purpose of conversion on the date of conversion. The amount of insurance and class of risk must not be increased. The new policy will be written based on the attained age of the Insured as of the date of conversion. The new policy will be subject to any assignment of this policy.

**5.2 Other Conversions**

Proof of insurability and our consent will be required if the new policy:

a) Involves insurance on another life; or

b) Includes an increase in the amount of insurance; or

c) Includes an additional rider, unless specifically allowed by the terms of the rider even if it was on the term policy.

## SECTION 6 - PREMIUM ADJUSTMENT AND EXCHANGE PROVISION

**6.1 Premium Adjustment Provision**

The Guaranteed Maximum Annual Premiums are shown in the Policy Specifications.  We may charge less than the Guaranteed Maximum Annual Premiums.  Any change will be made for all Insureds of the same insuring age, sex, policy class and calendar year of issue. We will send you a notice of any change before it takes effect.

F5260

**6.2 Exchange Provision**
On the Policy Exchange Date shown on Page 3, you may exchange this policy one time for a new policy. We must receive satisfactory evidence of insurability to make this exchange. All premiums due on this policy must have been paid before the Policy Exchange Date. The new policy's face amount must be equal to or less than this policy's face amount. The new policy is subject to the following terms:

a) You must complete a new application. The new application must be submitted to us within the sixty (60) day period prior to the Policy Exchange Date.

b) We must approve the issuance of the new policy before it can become effective.

c) You must pay the first premium on the new policy in order for the new policy to become effective.

d) Coverage under this policy terminates when coverage under the new policy begins.

e) The new policy will be on a similar plan as made available by us on the date of the exchange.

f) The policy date of the new policy will be the Policy Exchange Date. The issue age on the new policy will be the Insured's attained age nearest birthday on the Policy Exchange Date. Annual premium rates for the new policy will be those applicable to such policies issued on the Policy Exchange Date.

g) The Insured's attained age, nearest birthday on the Policy Exchange Date, cannot exceed the Maximum Attained Age for Exchange specified on Page Three.

h) Any rider or benefit in this policy may be included in the new policy. Any rider or benefit is subject to the rules and premium rates we are using on the policy date of the new policy.

i) We will pay for the required evidence of insurability.

## SECTION 7 - OWNERSHIP

**7.1 Rights of Ownership**
This policy belongs to you. The Owner ("you," "your") is the Insured unless otherwise stated in the application or unless changed under the Transfer of Ownership provision. All rights granted by this policy may be exercised by you only during the Insured's lifetime and thereafter to the extent permitted by Sections 8 and 9. All rights may be exercised by you without the consent of any revocable beneficiary. These rights, however, are subject to the written consent of any irrevocable beneficiary.

**7.2 Transfer of Ownership**
You may transfer the Ownership of this policy on forms provided by us. The written evidence of transfer must be recorded by us at our Service Office. The transfer will then be effective as of the date it was signed. We may require the return of the policy for endorsement. The transfer is subject to any payment made or other action taken by us before we received your written request. You may also name a Contingent Owner in the same manner. The Contingent Owner will become the Owner if he is living and you are still the Owner at the time of your death.

**7.3 Collateral Assignment**
You may assign this policy as collateral security. We assume no responsibility for the validity or effect of any collateral assignment of this policy. The assignment is subject to any payment or action taken by us before we received the assignment at our Service Office. The interest of any beneficiary will be subject to any collateral assignment made either before or after the beneficiary designation. A collateral assignee is not an Owner. A collateral assignment is not a transfer of ownership. Ownership can be transferred only as set forth in Section 7.2.

F5360

Policy Number MF5567663

## SECTION 8 – BENEFICIARIES

### 8.1 Designation and Change of Beneficiaries

The beneficiary is the person or persons named to receive the face amount of this policy upon the death of the Insured. The designation of beneficiary in the application shall remain in effect until you change it. You may designate and change the primary and contingent beneficiaries and further payees of death proceeds. You may do this during the lifetime of the Insured. Any beneficiary that you designate as irrevocable must provide written consent for you to exercise any right specified in this policy.

### 8.2 Succession in Interest of Beneficiaries and Payees

The beneficiary at the Insured's death will be as stated in the designation then in effect. Unless otherwise provided, the proceeds will be payable in equal shares to the primary beneficiaries who survive the Insured. The unpaid share of any primary payee who dies while receiving payments will be payable in equal shares to the other primary payees who survive the Insured. Unless otherwise provided, at the death of the last surviving primary beneficiary, the proceeds will be payable in equal shares to the contingent beneficiaries who survive the Insured. The unpaid share of any contingent payee who dies while receiving payments will be payable in equal shares to the other contingent payees who survive. If there are no surviving beneficiaries, then the proceeds shall be paid to You or to Your estate. Unless otherwise provided, if any beneficiary dies within 15 days after the Insured, but before due proof of death of the Insured has been received at the Service Office, then payment of the proceeds shall be made as if such beneficiary had died before the Insured.

### 8.3 Form and Effective Date

Any change you make must be in writing and in a form satisfactory to us. Such change will become effective when it is recorded by us at our Service Office. Upon such recording, it will then relate back to the date you signed the change, whether or not the Insured was living on the date of recording. Any change is subject to the rights of any assignee of record with us. Any change is subject to any action or payment made by us before recording.

### 8.4 General

A transfer of ownership will not of itself change the interest of any payee. So far as permitted by law, no amount payable under this policy will be subject to the claims of creditors of any payee. A payee succeeding to an interest under a settlement option will continue to be paid under the terms of that option. The rights of a beneficiary under this policy are subordinate to the rights of any person to whom the policy has been assigned.

## SECTION 9 – SETTLEMENT OPTIONS

### 9.1 Payment

When the Insured dies while the policy is in force, death benefit proceeds may be paid in a lump sum or left with us for payment under a settlement option that we make available. The proceeds will include any premium refund payable.

A settlement option may be elected only if the amount of the proceeds is $2,000 or more. We may change the interval of payments to three (3), six (6), or twelve (12) months, if necessary to increase the payments under the settlement option to at least $20.00 each.

You may make, change or revoke an election at any time while the Insured is alive. Following the death of the Insured, the beneficiary may elect an option if you have not elected one or if proceeds are payable in one sum. A beneficiary may make a change in payment under a settlement option you elect only if you provided for it in your election.

A change of beneficiary automatically cancels a previous election of a settlement option.

If this policy is assigned, the assignee's portion of proceeds will be paid in one sum. Any balance of proceeds may be applied under a settlement option.

To the extent allowed by law, all payments under the policy will be free from creditor claims or legal process.

F5360

**TERMINAL ILLNESS ACCELERATED
BENEFIT RIDER**



**JEFFERSON PILOT
FINANCIAL**

**Jefferson Pilot Financial Insurance Company,** One Granite Place, P.O. Box 515, Concord, New Hampshire  03302

**Notice. Death benefits and policy cash values, if any, will be reduced if an accelerated benefit is paid. Benefits paid under this Rider may or may not be taxable. Consult your personal tax advisor to assess the tax consequences of the benefit.**

This Rider is part of the Policy to which it is attached. It takes effect on the date of issue or Policy Date of the Policy. In this Rider, "we", "us" or "our" means Jefferson Pilot Financial Insurance Company; "you" and "your" means the Owner of the Policy; and "insured" means the person named on the data page of the Policy.

**CONSIDERATION** - This Rider is issued in consideration of the application. There is no charge for this Rider prior to the time you request Rider benefits.

**CANCELLATION** - We will not cancel this Rider, unless you request termination of this Rider. It will remain in force as long as this Policy remains in force or until benefits are paid under this Rider.

## DEFINITIONS

**Accelerated Benefit Payment** - The Accelerated Benefit Payment is the requested portion of the Eligible Death Benefit less the adjustments and deductions as explained in the Benefits section.

**Administrative Expense Charge** - The Administrative Expense Charge will be deducted from the requested portion of the Eligible Death Benefit upon payment of the Accelerated Benefit.

**Benefit Ratio** - The Benefit Ratio is the result of dividing (a) by (b) where:

    (a) is the requested portion of the Eligible Death Benefit; and

    (b) is the Death Benefit or current Face Amount of Insurance under the policy to which this Rider is attached.

**Eligible Death Benefit** - The Eligible Death Benefit for the Insured is the Death Benefit or current Face Amount of Insurance on the life of the Insured provided by this Policy.

**Immediate Family** - Immediate Family means the spouse, child, brother, sister, parent, or grandparent of the Insured or the Owner.

**Physician** - Physician means an individual who is licensed to practice medicine and treat illness or injury in the state in which treatment is received and who is acting within the scope of that license. Physician does not include:

    (1) the Insured;

    (2) you;

    (3) a person who lives with the Insured or you; or

    (4) a person who is part of the Insured's or your Immediate Family.

**Physician Statement** - A Physician Statement means a written statement acceptable to us, signed by a Physician which:

    (1) gives the Physician's diagnosis of the Insured's noncorrectable medical condition; and

    (2) states that, with reasonable medical certainty, the noncorrectable medical condition will result in the death of the Insured within 6 months or less from the date of the Physician Statement, assuming the exercise of ordinary and reasonable medical care, advice, and treatment available in the same or similar communities.

**Terminal Illness** - Terminal illness is a noncorrectable medical condition, which will result in the death of the insured within 6 months or less from the date of the Physician Statement.

## BENEFITS

If the Insured develops a Terminal Illness, you may request an acceleration of a portion of the Eligible Death Benefit. The Eligible Death Benefit will be determined as of the date the Notice of Claim is received at our Home Office. The maximum amount of Eligible Death Benefit which you may request from this Policy is fifty per cent (50%) of the Death Benefit or current Face Amount exclusive of any and all riders. The maximum amount available on all policies with this Rider attached in force with us is $250,000 per Insured.

**Adjustments and Deductions** - The requested portion of the Eligible Death Benefit will be subject to the following adjustments and deduction:

(1) An actuarial discount will be deducted from the requested portion of the Eligible Death Benefit. This discount reflects the early payment of amounts held under the Policy. It will be based on an annual interest rate which has been declared by us and the then current premium or cost of insurance rate, both of which are in effect as of the date your Notice of Claim is received at our Home Office. The maximum interest rate used shall be the greater of the yield on 90 day treasury bills or the maximum statutory adjustable policy loan interest rate in effect upon the date of request.

(2) If, on the date we approve your request, there is a Policy loan outstanding on this Policy, a reduction to the requested portion of the Eligible Death Benefit will apply. This reduction serves to repay a portion of the Policy loan and is determined as follows: (Outstanding Policy Loan) x (Benefit Ratio)

(3) A deduction will be made for any premiums due within the Policy's grace period and are unpaid at the time we approve your request.

(4) A deduction will be made for the Administrative Expense Charge.

**Waiver of Premiums or Cost of Insurance** - If all of the following occur:

(1) a Waiver of Premium Rider or a Waiver of Monthly Deduction Rider on the Insured is attached to this Policy;

(2) that Rider is in force at the time of the claim for this Rider's benefits; and

(3) Proof of Terminal Illness is submitted and approved;

then for purposes of any Waiver of Premium Rider or Waiver of Monthly Deduction Rider that is in force, the Insured will be deemed to be Totally Disabled and have satisfied the initial waiting period required by the applicable Rider.

**Conditions for the Accelerated Benefit Payment** - The Accelerated Benefit Payment is subject to the following conditions:

(1) This Policy must be in force other than as Extended Term Insurance or Reduced Paid-up Insurance.

(2) During the lifetime of the Insured, we must receive Proof of Terminal Illness that is acceptable to us.

(3) No prior request for an Accelerated Benefit Payment may have been made under this or any other Terminal Illness Accelerated Benefit Rider issued by us with respect to the Insured. If more than one request is received at the same time, we will determine which request is deemed to have been received first and the other requests will be returned.

(4) We must receive a consent form from all irrevocable beneficiaries, if any, and all assignees, if any. We also reserve the right to require a consent form from a spouse, the Insured, other beneficiaries, or any other person if, in our discretion, such person's consent is necessary to protect our interests.

(5) This Rider provides for the advance of a portion of the Eligible Death Benefit of this Policy. This is not meant to cause involuntary access to proceeds ultimately payable to the beneficiary. Therefore, this benefit is not available:

(a) if either you or the Insured is required by law to use this benefit to meet the claims of creditors, whether in bankruptcy or otherwise; or

(b) if either you or the Insured is required by a government agency to use this benefit in order to apply for, obtain or otherwise keep a government benefit or entitlement.

**Limitations** - No benefit will be provided by this Rider if Terminal Illness results from intentionally self-inflicted injuries.

## ADJUSTMENTS TO THE POLICY

After an Accelerated Benefit Payment is made, the Policy and all riders will remain in force subject to the following adjustments:

(1) The Policy's Death Benefit or current Face Amount, its current and Guaranteed Cash Value, if any, its Fund Account or Accumulation Value, if any, and its required Premium, if any, will be reduced by the Benefit Ratio.

(2) Any outstanding Policy loan will be reduced by the portion of the Policy loan repaid as specified in the Benefits provision of this Rider.

(3) We will mail to you, for attachment to the Policy, a new policy data page showing the decrease in policy values resulting from the Accelerated Benefit Payment.

## CLAIMS

**Notice of Claim** - Written Notice of Claim may be given to us any time after the date the Insured develops a Terminal Illness as defined in this Rider. Notice of Claim must identify the Insured and be sent to us at our Home Office.

**Claim Forms** - We will send claim forms to the Owner when Notice of Claim is received. If we do not mail the claim form within 15 days, the Owner will be considered to have complied with the Proof of Terminal Illness requirements by giving us a Physician Statement acceptable to us and a written statement of the nature and extent of the Terminal Illness.

**Proof of Terminal Illness** - Written proof of the Insured's Terminal Illness must be received by us before we will make a Benefit payment. This proof will include a properly completed claim form and a Physician Statement acceptable to us. We may request additional medical information from the Physician submitting the statement or any Physician or Institution deemed necessary. We will not unreasonably withhold our acceptance of Proof of Terminal Illness.

**Physical Examination** - At our expense, we reserve the right to have a Physician of our choosing examine the Insured prior to making an Accelerated Benefit payment. In the event that the Physician we choose provides a different diagnosis of the Insured's medical conditions, we reserve the right to rely on the statement from the Physician of our choosing for claim purposes.

**Time of Payment of Claims** - All benefits described in this Rider will be available immediately upon receipt of satisfactory Proof of Terminal Illness.

**Payment of Claims** - All Rider benefits will be paid in a lump sum to the Owner as of the date of benefit payment. Upon the death of the Owner, we will pay the benefits to the estate of the Owner, or contingent Owner, if applicable.

**Legal Actions** - You may not start a legal action to recover on this Rider within 60 days after you give us required proof of loss. You may not start such action after three years from the time Proof of Terminal Illness is required.

## GENERAL PROVISIONS

**Representations and Contestability** - All statements made in the application for this Rider, or the policy to which it is attached, by or on behalf of the Insured will, in the absence of fraud, be deemed representations and not warranties. The validity of the Rider with respect to the Insured will not be contestable after it has been in force for 2 years from the date of Issue or Policy Date or reinstatement of the policy to which this Rider is attached during which time the Insured was living. No claim for benefit commencing after 2 years from the date of Issue of this rider shall be reduced or denied on the grounds that a disease or physical condition not excluded from coverage by name or specific description had existed prior to the effective date of this Rider.

**Reinstatement** - If this Policy is reinstated, this Rider will also be reinstated provided a benefit has not been paid under this rider.

**Incorrect Age or Sex** - If there is an error in the age or sex of the Insured, the benefits available under this Rider will be the amount that would be available based on the Death Benefit or Face Amount that this Policy would have provided at the correct age or sex.

**Termination of Rider** - This Rider terminates:

(1) on the day we receive written request of the Owner; or

(2) upon termination of this Policy; or

(3) when this Policy reaches its Maturity Date, if any; or

(4) upon payment of the Accelerated Benefit provided by this Rider; or

(5) upon the death of the Insured.

Chief Executive Officer

Secretary

Policy Number  MF5567663



**Lincoln**
**Financial Group®**

Please check appropriate underwriting company:
☐ Jefferson-Pilot Life Insurance Company, PO Box 21008, Greensboro, NC 27420-1008
☒ Jefferson Pilot Financial Insurance Company, PO Box 515, Concord, NH 03302-0515

## AMENDMENT TO APPLICATION FOR INSURANCE

Policy No. MF5567663

The undersigned hereby amends his or her application for insurance dated 12/19/2006 on the life of
Philip R Lieberman.

We are authorized to make the following alterations in or additions to the application and to issue a policy as may be necessary
to conform to said application as modified herein.  I hereby accept the policy as issued.

Question 27:  This policy is issued as a JPF Advantage Flex Term 10.

Question 30:  This policy is issued with Accelerated Benefit Rider.

Dated in _____ C A _____ this _____ 29 _____ day of _____ January _____ 2007
(state)                                              (month)                    (year)

_____            _____
Signature of Proposed Insured                       Signature of Proposed Insured
(Parent or Guardian if under 14 years of age)       (Parent or Guardian if under 14 years of age)

_____            _____
Signature of Owner (If other than Proposed Insured)  Signature of Owner (If other than Proposed Insured)

_____            _____
Signature of Witness                                Signature of Spouse (If coverage applied for)

Lincoln Financial Group is the marketing name for Lincoln National Corporation and its affiliates.                 Page 1 of 1
BJF-01003                                                                                                          1/07



**JEFFERSON PILOT FINANCIAL**

Please check appropriate underwriting company:
☐ Jefferson Pilot Life Insurance Company, Service Office: PO Box 21008, Greensboro, NC 27420-1008
☐ Jefferson Pilot Financial Insurance Company, Service Office: PO Box 515, Concord, NH 03302-0515
(hereinafter referred to as "the Company")

## APPLICATION FOR LIFE INSURANCE — PART I

**I.   PROPOSED INSURED**

| 1. Name of Proposed Insured  ☒Male ☐ Female (First, Middle, Last) *Philip R. Lieberman* | 2. Date of Birth (mm/dd/yy) *7/17/60* | 3. Place of Birth (State, Country) *N. J.* | 4. Social Security Number ▓▓▓▓▓ |
|---|---|---|---|
| | | | 5. Driver License # & State *A5155207      CA* |

| 6. Home Address (Street, City, State, Zip Code) *54 Honey Locust    Irvine CA  92606* | 7. Years At This Address *New as of 12/15/06* |
|---|---|

| 8. Employer *Clearview Financial Svces.* | 9. Business Address (Street, City, State, Zip Code) *2 Park Plaza Suite 400  Irvine CA 92614* |
|---|---|

| 10. Occupation/Duties *Financial Consultant* | 11. Home Telephone *949-502-5712* | 12. Business Telephone *949-271-1501* | 13. Citizen of (Country) *USA* |
|---|---|---|---|

**II.   PROPOSED ADDITIONAL INSURED** - Complete for Survivorship Life Policy or Term Rider on Spouse/Other Insured for Individual Life Policy.

| 14. Name of Proposed Insured  ☐ Male ☐ Female (First, Middle, Last) | 15. Date of Birth (mm/dd/yy) | 16. Place of Birth (State, Country) | 17. Social Security Number |
|---|---|---|---|
| | | | 18. Driver License # & State |

| 19. Home Address (Street, City, State, Zip Code) | 20. Years At This Address |
|---|---|

| 21. Employer | 22. Business Address (Street, City, State, Zip Code) |
|---|---|

| 23. Occupation/Duties | 24. Home Telephone | 25. Business Telephone | 26. Citizen of (Country) |
|---|---|---|---|

**III.   COVERAGE INFORMATION**

| 27. Plan of Insurance (If Ensemble®, also complete Question 32) *Flex Term 10* | 28. Amount of Insurance: $ *2,000,000* |
|---|---|

29. (i) Death Benefit Option    ☐ Level    ☐ Increasing    ☐ Specified Amount plus premiums less withdrawals
(ii) Death Benefit Qualification Test - For IRS purposes, premiums will be tested using the Guideline Premium Test unless ☐ Cash Value Accumulation Test is checked (not available on all products). **Cannot be changed after issue.**

30. Additional   ☐ Waiver of Premium
Benefits:   ☐ Accidental Death Benefit $ _____    ☐ Term on Spouse/Other Insured Rider $_____
            ☐ Guaranteed Insurability $ _____    ☐ Children's Rider $ _____ / Units _____
            ☐ Waiver of Specified Premium $_____    (Complete Child's Supplement)
            ☐ Accelerated Benefit Rider                 ☐ Other _____
            ☐ Supplemental Coverage/                    ☐ Other _____
               Additional Specified Amount Rider $ _____    ☐ Other _____

31. Automatic Premium Loan    ☐ Yes  ☐ No    **(This question applies to Whole Life Nonpar products only.)**

32. **Complete only if applying for Variable Life Insurance with Jefferson Pilot Financial Insurance Company.**
**Submit Premium Allocation and Disclosure Form for Variable Universal Life with Application:**
(i) Monthly insurance and administrative charges will be deducted from the General Account and divisions of the Separate Account on a pro rata basis unless the box is checked below (not available on all VUL products):

☐ Deduct all charges from the _____ division (any single division or the General Account may be noted).

(II) Suitability

|  | Yes | No |
|---|---|---|
| 1. Have you, the Proposed Insured(s) and the Owner, if other than the Proposed Insured(s), received a current Prospectus dated _____ for the policy applied for and have you had sufficient time to review it? | ☐ | ☐ |
| 2. Do you understand that the amount and duration of the death benefit may increase or decrease depending on the investment performance of funds in the Separate Account? | ☐ | ☐ |
| 3. Do you understand that the cash values may increase or decrease depending on the investment performance of the funds held in the Separate Account? | ☐ | ☐ |
| 4. With this in mind, do you believe that the policy applied for is in accord with your insurance objective and your anticipated financial needs? | ☐ | ☐ |

**CASH VALUES MAY INCREASE OR DECREASE IN ACCORDANCE WITH THE EXPERIENCE OF THE SEPARATE ACCOUNT. THE DEATH BENEFIT MAY BE VARIABLE OR FIXED UNDER SPECIFIED CONDITIONS.**

| IV. OWNER INFORMATION (Complete if Different from Proposed Insured(s)) | |
|---|---|
| 33. (i) Owner Name (First, Middle, Last) | (ii) Citizen of (Country) |
| 34. Owner Address | |

| 35. Owner Social Security or Tax ID # | 36. Relationship to Proposed Insured(s) | 37. Trust Date (only if Trust is Owner) |
|---|---|---|

| V. BENEFICIARY DESIGNATION | | |
|---|---|---|
| 38. Primary Beneficiary(ies): | 39. Social Security or Tax ID #: | 40. Relationship(s) to Proposed Insured(s): |
| Gloria Lieberman | | Former Spouse |
| 41. Contingent Beneficiary(ies): | 42. Social Security or Tax ID #: | 43. Relationship(s) to Proposed Insured(s): |
| | | |

| 44. Beneficiary for Spouse/Other Insured Term Rider: | 46. Relationship to Spouse/Other Insured: |
|---|---|
| 45. Social Security or Tax ID #: | |

| VI. BILLING INSTRUCTIONS | |
|---|---|

47. Payment with Application $ _____   Was the Conditional Receipt Given? ☐ Yes ☒ No

48. Planned Premium: $ 1455 ⁰⁰   49. Lump Sum: $ _____   ☐ 1035 Exchange

50. Premiums to be Paid: ☒ Annually   ☐ Semi-Annually   ☐ Quarterly   ☐ Monthly   ☐ List Bill # _____
☐ DRAFT/PAC   ☐ PDF (Complete Transmittal)   ☐ Other: _____

51. Premium Bill to be Sent to: ☒ Proposed Insured at:   ☐ Other ("Care Of" Name and Mailing Address)
   ☒ Home Address
   ☐ Business Address; or
   ☐ Proposed Additional Insured at:   ☐ Other ("Care Of" Name and Mailing Address)
   ☐ Home Address
   ☐ Business Address; or
   ☐ Owner at address listed in #34

52. Special Instructions:

BJF-01734-2 (2/05)

Complete each question for the Proposed Insured and any Additional Insured.

| VII.  PERSONAL FINANCE | Proposed Insured | Additional Insured |
|---|---|---|
| 53.  Annual Earned Income: | a) $ *150,000* | b) $ |
| 54.  Annual Unearned Income (If none, please indicate $0): | a) $ — | b) $ |
| 55.  Total Assets: | a) $ *1,000,000* | b) $ |
| 56.  Total Liabilities: | a) $ *650,000* | b) $ |
| 57.  Net Worth: | a) $ *350,000* | b) $ |
| 58.  In the last 5 years have you filed for bankruptcy? If "Yes", COMPLETE the Financial Supplement. | a) ☐ Yes ☒ No | b) ☐ Yes ☐ No |
| VIII.  LIFE INSURANCE IN FORCE | | |
| 59.  Have you ever applied for life, health or disability insurance and been declined, postponed or charged an increased premium? | a) ☐ Yes ☒ No | b) ☐ Yes ☐ No |
| 60.  Do you have any applications pending with any other life insurance company now? | a) ☐ Yes ☒ No | b) ☐ Yes ☐ No |

If answered "Yes" to question 59-60, please give details here for each Proposed Insured.

Proposed Insured: _____

_____

_____

Additional Insured: _____

_____

61.  I.)  Are you considering stopping premium payments, surrendering, replacing, forfeiting, assigning to the insurer or reducing your benefits under an existing policy or contract?    ☒ Yes    ☐ No

II.)  Are you considering using or borrowing funds from your existing policies or contracts to pay premiums due on the new or applied for policy?    ☐ Yes    ☒ No

If yes to either question, please complete and sign all required replacement forms and complete Question 62.

62.  List all insurance in force on any Proposed Insured. If none, check this box. ☐

| Insured's Name & Company | Face Amount | Policy Number | Issue Year | Replacement or Change of Policy? | Check here if 1035 Exchange |
|---|---|---|---|---|---|
| *First Penn-Pacific* | $ *500,000* | *T704101236* | *2001* | ☒ Yes   ☐ No | ☐ |
| *Empire General* | $ *500,000* | *00330636* | *2003* | ☒ Yes   ☐ No | ☐ |
|  | $ |  |  | ☐ Yes   ☐ No | ☐ |
|  | $ |  |  | ☐ Yes   ☐ No | ☐ |

| Complete each question for the Proposed Owner, the Proposed Insured (If other than Owner) and any Additional Insured: | Proposed Insured, If other than Owner | Additional Insured | Proposed Owner |
|---|---|---|---|
| 63.  Have you been involved in any discussion about the possible sale or assignment of this policy to a life settlement, viatical or other secondary market provider? | a) ☐ Yes ☒ No | b) ☐ Yes ☐ No | c) ☐ Yes ☐ No |
| 64.  Have you in the past two years sold a policy to a life settlement, viatical or other secondary market provider? | a) ☐ Yes ☒ No | b) ☐ Yes ☐ No | c) ☐ Yes ☐ No |

If answered "YES" to any part of question 63 or 64, please give details for each "YES" answer.

_____

_____

_____

_____

| IX.  GENERAL RISK INFORMATION | Proposed Insured | Additional Insured |
|---|---|---|
| 65.  In the past 3 years, have you smoked a cigarette, cigar or pipe, chewed tobacco or used tobacco or nicotine in any form?<br><br>If "Yes", last used (form)<br><br>Month, Year | a) ☐ Yes  ☒ No | b) ☐ Yes  ☐ No |
| 66.  Do you plan to travel or reside outside the US or Canada within the next 12 months? | a) ☐ Yes  ☒ No | b) ☐ Yes  ☐ No |
| 67.  Are you a member of, or applied to be a member of, or received a notice of required service in, the armed forces, reserves or National Guard?<br>If "Yes", please list: branch of service, rank, duties, mobilization category and current duty station. | a) ☐ Yes  ☒ No | b) ☐ Yes  ☐ No |
| 68.  In the past 3 years, have you engaged in, or in the future do you plan to engage in, flying in non-commercial aircraft; racing of any kind; skin or scuba diving; parachuting or sky diving; hang gliding; mountain, rock or technical climbing?<br>If "Yes", complete Aviation-Avocation Supplement. | a) ☐ Yes  ☒ No | b) ☐ Yes  ☐ No |
| 69.  Have you ever been convicted of a felony or misdemeanor (except for a minor traffic violation)? | a) ☐ Yes  ☒ No | b) ☐ Yes  ☐ No |
| 70.  In the past 5 years, have you been convicted of (i) two or more moving violations (ii) driving under the influence of alcohol or other drugs, or (iii) had your driver's license suspended or revoked? | a) ☐ Yes  ☒ No | b) ☐ Yes  ☐ No |
| 71.  Have you ever been diagnosed by or received treatment from a medical professional for Acquired Immunodeficiency Syndrome (AIDS)? | a) ☐ Yes  ☒ No | b) ☐ Yes  ☐ No |

If answered "Yes" to questions 65-71, please give details here for each Proposed Insured.

Proposed Insured: _____

_____

_____

_____

Additional Insured: _____

_____

_____

_____

## X.   MEDICAL INFORMATION

**Proposed Insured:**

72.  Name/address/phone number of your personal physician and/or health care facility? (If none, indicate "None".) __None__

_____

   a.  Date and reason last consulted? _____

   b.  Treatment or medication prescribed?_____

73.  Height ___6___ ft. ___2___ in.        Weight ___180___ lbs.

   a.  Has your weight changed by more than 10 pounds during the past 12 months?     ☐ Yes  ☒ No

   b.  If "Yes", by how many pounds? _____  ☐ Gain  ☐ Loss

**Additional Insured:**

74.  Name/address/phone number of your personal physician and/or health care facility? (If none, indicate "None".) _____

_____

   a.  Date and reason last consulted? _____

   b.  Treatment or medication prescribed?_____

75.  Height _____ ft. _____ in.        Weight _____ lbs.

   a.  Has your weight changed by more than 10 pounds during the past 12 months?     ☐ Yes  ☐ No

   b.  If "Yes", by how many pounds? _____  ☐ Gain  ☐ Loss

**Medical Information questions continue on next page.**

## X.  MEDICAL INFORMATION

| | | | | Proposed Insured | Additional Insured |
|---|---|---|---|---|---|
| 76. | Have you ever had, or been told by a medical professional to seek treatment because of, any of the following: | | | | |
| | i. | Chest pain, high blood pressure, heart attack, heart murmur, disease of the heart or blood vessels? | | a) ☐ Yes ☒ No | b) ☐ Yes ☐ No |
| | ii. | Cancer, tumor, leukemia, blood disorder (excluding HIV status), melanoma, or lymphoma? | | a) ☐ Yes ☒ No | b) ☐ Yes ☐ No |
| | iii. | Diabetes or high blood sugar? | | a) ☐ Yes ☒ No | b) ☐ Yes ☐ No |
| | iv. | Shortness of breath, asthma, sleep apnea, emphysema, tuberculosis, or other lung disease? | | a) ☐ Yes ☒ No | b) ☐ Yes ☐ No |
| | v. | Disease of the nervous system, stroke, seizure, paralysis? | | a) ☐ Yes ☒ No | b) ☐ Yes ☐ No |
| | vi. | Mental or nervous disorder, depression, anxiety? | | a) ☐ Yes ☒ No | b) ☐ Yes ☐ No |
| | vii. | Hepatitis, cirrhosis, or other disease of the liver or pancreas? | | a) ☐ Yes ☒ No | b) ☐ Yes ☐ No |
| | viii. | Ulcer, colitis, or other disorder of the stomach or intestines? | | a) ☐ Yes ☒ No | b) ☐ Yes ☐ No |
| | ix. | Disease or disorder of the kidneys, bladder or prostate, or a sexually transmitted disease (excluding HIV status)? | | a) ☐ Yes ☒ No | b) ☐ Yes ☐ No |
| | x. | Arthritis, disease or injury of the muscles, bones, or joints? | | a) ☐ Yes ☒ No | b) ☐ Yes ☐ No |
| | xi. | Any other health impairment, congenital deformity or medically or surgically treated condition not mentioned above? | | a) ☐ Yes ☒ No | b) ☐ Yes ☐ No |
| 77. | Have you ever used or experimented with cocaine, marijuana, or other non-prescription stimulants, depressants, or narcotics? | | | a) ☐ Yes ☒ No | b) ☐ Yes ☐ No |
| 78. | Have you ever been treated, or advised to receive treatment, for use of alcohol or drugs? | | | a) ☐ Yes ☒ No | b) ☐ Yes ☐ No |
| 79. | In the past 30 days, have you taken any medication or non-prescription drug? | | | a) ☐ Yes ☒ No | b) ☐ Yes ☐ No |
| 80. | Are you now planning to seek medical advice or treatment for any reason? | | | a) ☐ Yes ☒ No | b) ☐ Yes ☐ No |

**Proposed Insured:**

| 81. Family Record | Age if Living | Present Health | Age at Death | Cause of Death |
|---|---|---|---|---|
| Father | 75 | Good | | |
| Mother | 72 | Good | | |
| Brothers | 42/40 | Both Very Good | | |
| Sisters | | | | |

**Additional Insured:**

| 82. Family Record | Age if Living | Present Health | Age at Death | Cause of Death |
|---|---|---|---|---|
| Father | | | | |
| Mother | | | | |
| Brothers | | | | |
| Sisters | | | | |

If answered "Yes" to questions 73, 75, 76-80, please give complete details including date of last treatment and name/address/phone number of the attending physician.

Proposed Insured: _____

_____

_____

Additional Insured: _____

_____

## XI.  SERVICE OFFICE ENDORSEMENTS (Attach an additional sheet of paper, if necessary)

## AGREEMENT AND ACKNOWLEDGEMENT

I, the Owner, declare that my tax identification or social security number as shown is correct. I also certify that I am not subject to backup withholding.

Each of the Undersigned declares that:

1. This Application consists of: a) Part I Application; b) Part II Medical Application, if required; c) any amendments to the application(s) attached thereto; and d) any supplements, all of which are required by the Company for the plan, amount and benefits applied for.

2. Unless otherwise provided by the Conditional Receipt, the Company will have no liability under this application unless and until: a) it has been received and approved by the Company at its Service Office; b) the policy has been issued and delivered to the policyowner; c) the first premium has been paid to and accepted by the Company; and d) at the time of delivery and payment, the facts concerning the insurability of each person proposed for insurance are as stated in this application.

3. No agent, broker or medical examiner has the authority to make or modify any Company contract or to waive any of the Company's requirements.

4. Corrections, additions or changes to this application may be made by the Company. Any such changes will be shown under "Service Office Endorsements". Acceptance of a policy issued with such changes will constitute acceptance of the changes. No change will be made in classification (including age at issue), plan, amount, or benefits unless agreed to in writing by the Applicant.

5. I ACKNOWLEDGE receipt of the Notices on the Medical Information Bureau and Fair Credit Reporting Act.

6. I HAVE READ, or have had read to me, the completed Application for Life Insurance before signing below. All statements and answers in this application are correctly recorded and are full, complete and true. I UNDERSTAND that any false statements or material misrepresentations may result in the loss of coverage under the policy.

## STATE DISCLOSURES

Any person who, with intent to defraud or knowing that he/she is facilitating fraud against an insurer, submits an application or files a claim containing a false or deceptive statement may be guilty of insurance fraud.

## TO BE COMPLETED BY AGENT ONLY

(i) Do you know or have you any reason to believe that replacement of insurance is involved? ☒ Yes ☐ No

If a replacement is involved, I certify that only company approved sales materials were used in this sale and that copies of all sales materials were left with the applicant.

(ii) I declare that I asked the Proposed Insured(s) each question on the application. The answers have been recorded by me exactly as stated and I know of nothing affecting the insurability of the Proposed Insured(s) which is not fully recorded in this application.

(iii) I declare that I have accurately answered any questions contained in the Agent's Report completed by me in connection with this application.

(iv) I declare that I have provided each Proposed Insured and Owner with the Notices on the Medical Information Bureau and Fair Credit Reporting Act as well as a copy of the Privacy Practices Notice.

(v) I verified the Owner/Applicant's identity by viewing the individual's photograph on a driver's license, passport or other official document and have transcribed the number of such identification below. If applicant is a business or trust entity, I viewed documentation confirming the entity's legal status and state of formation.
☒ Yes ☐ No   Driver's License, Passport or Other ID#: _____ OA A5155207 _____

(vi) I declare I have not been involved in any discussion of the possible sale or assignment of the policy to a life settlement, viatical or other secondary market provider. If otherwise, please explain: _____ .

(vii) I have verified that this policy will not replace a policy that has already been sold to a life settlement, viatical or other secondary market provider. If otherwise, please explain: _____ .

# AUTHORIZATION

Each of the undersigned declares that:

I authorize any licensed physician, medical practitioner, hospital, clinic or any other medically related facility, insurance support organizations, insurance company, Medical Information Bureau (MIB), state motor vehicle division, consumer reporting agency, employer, financial source or government agency that has any records or knowledge of:

Proposed Insured/Patient _____ *Philip R. Lieberman* _____

Date of Birth _____ *7-17-60* _____

Proposed Additional Insured/Patient _____

Date of Birth _____

or the proposed insured's health including but not limited to transaction records, employment records, financial records, and complete medical records (including information regarding insurance, demographics, referral documents and records from other facilities), motor vehicle information, or if other, indicate here: _____

to give all such information to Jefferson-Pilot Life Insurance Company or Jefferson Pilot Financial Insurance Company (the Company), their licensed representatives and/or their reinsurers, MediConnect.net Inc, GiS, or if other, indicate here: _____

---

I understand that an authorization for release or disclosure of psychotherapy notes may not be combined with an authorization for release or disclosure of any other information (a separate Authorization Page must be completed for release or disclosure of psychotherapy notes).

I understand that the information obtained may be used by the Company to determine eligibility for insurance, or to administer my coverage. The Company may not give the information to any person or entity except: 1) a reinsurer, or other insurers to whom I have applied or may apply; 2) MIB; or 3) any other person or entity who performs business or legal services in connection with the administration of my insurance coverage. I understand that some of these people or entities may not be covered by federal or state privacy regulations and that the information they receive may be redisclosed, however the Company contractually requires them to protect the information we disclose to them. Information may be disclosed as allowed by law or regulation.

I have received a Privacy Practices Notice which details the method I must use to exercise my right to access, correct, and amend any information gathered about me or my children which relates to this application. I understand that I can provide written revocation of this Authorization to the Company at any time, except: 1) if the Company has taken action in reliance on the Authorization; or 2) the Company is using the Authorization in connection with a contestable claim under my policy.

## AUTHORIZATION - CONTINUED

This is not authorization to release HIV-related Information unless an HIV Consent Form with authorization for optional release of Information to my personal physician has been signed by me.

I understand that If I refuse to sign this authorization to release my complete medical record, the Company may not be able to process my application.

I agree that a copy of this authorization shall be as valid as the original and this authorization shall be valid for 24 months from the date shown below. I may have a copy upon request.

☒ I elect to be Interviewed if an Investigative Consumer Report is prepared.

**SPECIMEN**

### SIGNATORY SECTION

Signed at _____ CA _____, this _19_ day of _December_ _2006_
                      (state)                              (month)        (year)

_____          _____
Signature of Proposed Insured                    Signature of Proposed Additional Insured (If coverage applied for)
(Parent or Guardian If under 14 years of age)

_____
Signature of Owner (If other then Proposed Insured)

_____          _____
Signature of Licensed Agent, Broker or Registered Representative      Name of Licensed Agent, Broker or Registered Representative
                                                                        (Please Print)

### APPLICABLE TO VARIABLE LIFE ONLY

I have reviewed the Application, New Account Form and Premium Allocation and Disclosure Form and find the transaction suitable.

_____          _Philip Lieberman_____
Signature of Registered Principal of Broker/Dealer      Name of Registered Principal of Broker/Dealer (Please Print)

LAB USE ONLY

80 21901736 10

**PART II   Continuation of Application to the Jefferson Pilot Financial Insurance Company/**
Jefferson-Pilot Life Insurance Company (hereinafter referred to as "the Comp...

Proposed (Print, Last, First, Middle Name): _PHILIP RONALD LIEBERMAN_   Birthdate: (Month-Day-Year) _7-17-60_
Insured

1. a  Name and address of your personal physician? _DR STEVEN LERNER 722 BAKER Costa Mesa_
   b  Date and reason last consulted? _10/2006_   _CA 92626_
   c  What treatment was given or medication prescribed? _Physical check up (nothing)_

| | | Yes | No | Details of "Yes" answers. Identify question number, circle applicable items. Include diagnoses, dates, duration, names and addresses, of all physicians and facilities. |
|---|---|---|---|---|
| 2. | Have you ever had or been told by a medical professional to seek treatment for any of the following: | | | |
| a. | Disorder of eyes, ears, nose, mouth or throat, including sleep apnea? | ☐ | ☑ | _6  10/2006 Physical_ |
| b. | Head, brain, spinal cord disorder, dizziness, fainting, convulsions, headache, paralysis, stroke, epilepsy, mental or nervous disorder? | | ☑ | _check up  nothing_ |
| c. | Shortness of breath, persistent hoarseness or cough, asthma, congestive heart failure, bronchitis, pleurisy, emphysema, tuberculosis or chronic respiratory disorder? | ☐ | ☑ | _some king of skin cream_ |
| d. | Chest pain, palpitation, high blood pressure, rheumatic fever, heart attack, angina, myocardial infarction, murmur or other disorder of the heart or blood vessels? | ☐ | ☑ | _DR LERNER  set_ |
| e. | Hepatitis, jaundice, intestinal bleeding, ulcer, colitis, diverticulitis, recurrent indigestion, or other disorder of the stomach or esophagus? | ☐ | ☑ | _4  IMMITREX 100 hg_ |
| f. | Sugar, protein, blood or pus in urine, sexually transmitted disease, stone or other disorder of kidney, bladder or prostate? | ☐ | ☑ | _as needed for Migrain_ |
| g. | Diabetes, thyroid or other endocrine disorder? | ☐ | ☑ | _headache_ |
| h. | Neuritis, arthritis, gout, or disorder of the muscles, bones, including the spine, back and joints, deformity, lameness or amputation or skin disorder? | ☐ | ☑ | _DR LERNER_ |
| i. | Cancer, leukemia, removal of any organ, benign tumor, polyp or cyst? | ☐ | ☑ | |
| j. | Allergies, anemia, disorder of lymph glands, or other disorder of the blood (excluding HIV tests and studies)? | ☐ | ☑ | |
| k. | Need for treatment because of alcohol or drug abuse? | ☐ | ☑ | |
| l. | Abnormalities, disease or disorder of the reproductive organs or breasts, menstruation or pregnancy? | ☐ | ☑ | |
| 3. | Have you ever been diagnosed by or received treatment from a medical professional for Acquired Immunodeficiency Syndrome (AIDS)? | ☐ | ☑ | |
| 4. | Are you now under observation or taking treatment, including prescription and/or nonprescription medication? | ☑ | ☐ | |
| 5. | Has your weight changed by more than 10 lbs. in the past year? | ☐ | ☑ | |
| 6. | Other than previously answered, have you in the past 5 years had any mental or physical disorder not listed above; had a checkup, consultation, illness, injury or surgery; been a patient in a hospital, clinic or other medical facility; had an electrocardiogram, x-ray or other diagnostic test or been advised to have any diagnostic test (excluding HIV tests), hospitalization or surgery which was not completed? | ☑ | ☐ | |
| 7. | In the past three years, have you smoked a cigarette, cigar or pipe; chewed or used tobacco or nicotine in any form? If "Yes", form _____ last used on _____ (month, year). | | ☑ | |
| 8. | Have you ever requested or received a pension, benefits or payment due to a long term injury, sickness or disability? | ☐ | ☑ | |
| 9. | Have you ever received a blood transfusion or been refused as a donor? | ☐ | ☑ | |
| 10. | Are you planning to seek medical advice or treatment for any reason? | ☐ | ☑ | |
| 11. | Family History: Tuberculosis; diabetes; cancer; high blood pressure; lung, bowel, heart or kidney disease; mental illness; alcoholism; or suicide? | ☐ | ☑ | |

| Parents | Age if Alive | Age at Death | Cause of Death | Siblings | Age if Alive | Age at Death | Cause of Death |
|---|---|---|---|---|---|---|---|
| Father | 75 | | | Brothers | 2 | 42 - 46 | |
| Mother | 72 | | | Sisters | 0 | | |

I authorize _____ to complete the attached medical examination and provide it and all records or knowledge of the proposed insured's health (including but not limited to treatment records, medical files, etc.) to the Company, their licensed representatives and/or their reinsurers to determine eligibility for insurance, or to administer my coverage. The Company may not give the information to any person or entity except: 1) a reinsurer, or other insurers to whom I have applied or may apply; 2) MIB; or 3) any other person or entity who performs business or legal services in connection with the administration of my insurance coverage. I understand that some of these people or entities may not be covered by federal or state privacy regulations and that the information they receive may be redisclosed. Information may be disclosed as allowed by law or regulation. I have received a Privacy Practices Notice which details the method I must use to exercise my right to access, correct, and amend any information gathered about me or my children which relates to this examination. I understand that I can provide a written revocation of this authorization to the Company at any time, except: 1) if the Company has taken action in reliance on the authorization; or 2) the Company is using the authorization in connection with a contestable claim under my policy. I agree that a copy of this authorization shall be as valid as the original and that this authorization shall be valid for 24 months from the date shown below. I may have a copy upon request.

_Irvine CA_   _1/9/07_   Signature of Proposed Insured (Parent or Guardian if under 14 years of age)
City and state where signed   Date

Signature of Examiner

BJF-01735-2

RM   JAN 1 2 '07

Page 1 of 2
12/02

SPECIMEN

(This Page Left Blank Intentionally)

F5561

JEFFERSON PILOT FINANCIAL INSURANCE COMPANY
HOME OFFICE: Omaha, Nebraska

**TERM TO AGE 95 LIFE INSURANCE POLICY**
**WITH PREMIUM ADJUSTMENT PROVISION**
**Nonparticipating**
**Conversion Period Specified On Page Three**
**Premiums Payable To Date Of Expiry**
**Insurance Payable At Death Prior To Date Of Expiry**



For Service or Information about your policy or to file a claim, contact your Jefferson Pilot Financial Insurance Company Agent or call the Service Office at (800) 487-1485.

F5561

# EXHIBIT B

51BBBBLB.MQY
Jul. 16. 2009 10:09AM

No. 4611   P. 1



## Lincoln
### Financial Group®

Customer Service Mailing Address
P.O. Box 515
Concord NH 03302-0515
PO Box 21008
Greensboro NC 27420-1008

## LIFE BENEFICIARY AND NAME CHANGE FORM

☒ Beneficiary Change      ☐ Name Change

**GENERAL INFORMATION**

This section must be completed.

Policy/Certificate No.: _MF5567663_          Issued by (the Company): _Jefferson Pilot_

Insured's Name: _Philip R. Lieberman_

Owner's Name: _Philip R. Lieberman_

Owner's Social Security Number/Tax ID # █████████

Owner's Address: _54 Honey Locust_

City, State, Zip: _Irvine        Ca 92606_

Daytime Telephone No.: _(949)5025712_    Email Address: _plieberman2002@yahoo.com_

☐ Check here if new address              Effective date _July 16, 2009_

**BENEFICIARY DESIGNATION**

*If this form does not accommodate your needs, please contact Customer Service.*

*Dollar amounts will __not__ be accepted. Designations must be submitted in percentages or fractions.*

Unless otherwise stated above, if joint beneficiaries are named in any of the three classes (Primary, Contingent, or Second Contingent), the proceeds are to be paid equally to the survivor or survivors, if any, in the class. If unnamed children of the Insured are designated above as beneficiaries, the proceeds are to be paid to the Insured's lawful children unless otherwise specified.

If there is a provision in said policy requiring that it accompany any request for change of beneficiary or that such change shall not take effect until endorsed by the Company on the policy, such provision is hereby modified, and the beneficiary may be changed pursuant to this written request, which change will be effected by recordation by the Company at its Home Office or Administrative Office without action taken by the Company before such recordation.

If you are adding beneficiaries but not changing existing beneficiaries, you must restate all existing beneficiaries below as well.

Change beneficiaries on: (select one)
☒ Base policy                                    ☐ Children term rider(s)
☐ Primary Insured Rider                          ☐ First to die rider
☐ Other Insured rider—on the life of the_____  ☐ Last to die rider

*If you do not select one of the options, we will automatically change the beneficiaries on the base policy and the primary insured rider (if applicable).*

*For Trust Designation see page 2.*

☒ Primary Name _Gloria Lieberman_

Social Security Number/Tax ID # █████████

Relationship to the Insured _Former Spouse_        Date of Birth _7-13-69_

Address _54 Honey Locust  Irvine  Ca 92606_

☐ Primary  ☒ Contingent

Name _Brittany Lieberman_

Social Security Number/Tax ID # █████████

Relationship to the Insured _Daughter_             Date of Birth _2-1-90_

Address _54 Honey Locust  Irvine  Ca 92606_

☐ Primary   ☐ Contingent   ☐ Second Contingent

Name_____

Social Security Number/Tax ID #_____

Relationship to the Insured _____Date of Birth_____

Address_____

Lincoln Financial Group is the marketing name for Lincoln National Corporation and its affiliates.
CS06893

Page 1 of 3
5/08

51BBBBLB.MQY
Jul. 16. 2009 10:10AM                                                No. 4611   P. 2

## Beneficiary Designation (continued)

If the beneficiary is a Trust, complete the following:

☐ Primary    ☐ Contingent    ☐ Second Contingent

Trust Name _____

Tax ID Number _____ Date of Trust _____

Trustee Name(s) _____

Trustee Name(s) _____

Address _____

*The potential for adverse tax consequences may exist when the insured, the beneficiary and the owner are all different. You may wish to consult with your tax advisor, attorney, or a representative of the Internal Revenue Service for specific information.*

## AUTHORIZATION AND SIGNATURES

*One officer's signature with title and corporate resolution papers are required for corporate-owned policies/certificates.*
*If owner is a trust, title pages (which indicates the full name, the trust with the date of trust along with the trustee names) and signatory pages of trust is required.*

*Title required for a corporation, partnership or trust.*

| | |
|---|---|
| Owner's Signature | 7/16/09 |
| Philip R. Lieberman | Date |
| Name (print or type) | *Title |
| Owner's Signature | Date |
| Name (print or type) | *Title |
| Owner's Signature | Date |
| Name (print or type) | *Title |
| Irrevocable Beneficiary's Signature (if applicable) | Date |
| Name (print or type) | *Title |
| Witness Signature (Massachusetts only) | Date |

## NAME CHANGE

This change applies to:

☐ Insured    ☐ Owner    ☐ Assignee    ☐ Other

You are changing your name (please print)

From _____

To _____

Reason for name change:

☐ Marriage (attach a copy of certificate)
☐ Divorce (attach a copy of decree)
☐ Corporate Name Change (attach certified copy of Corporate Resolution authorizing the change)
☐ Other (please specify and attach a copy of court order)
☐ New Address (if applicable) _____

City, State, ZIP _____

Signature _____ Date _____
          (Signature required by Policy Owner or party whose name is changing)

Title _____

## HOME OFFICE ACKNOWLEDGEMENT

By _____ Recorded Date _____

Lincoln Financial Group is the marketing name for Lincoln National Corporation and its affiliates.
CS06893

Page 2 of 3
5/08

## INSTRUCTIONS

Almost all beneficiary changes can be requested by using this form and following the examples below. However, if there is any question concerning the completion of the request or if a beneficiary designation is desired which cannot be requested on this form, contact your local representative or Agency which services your policy.

1. Complete a separate request for change of beneficiary for each policy to be changed, unless the owner and all information is the same for all policies.
2. This form is to be forwarded to the Company. When the beneficiary change is recorded in the Home Office, Service or Administrative Office, a copy will be acknowledged and returned to be attached to the policy.
3. If unnamed children are to be beneficiaries, specify one of the following: "my lawful children" or "children born of my marriage to (name of spouse)".
4. This form is not to be used to elect an Optional Method of Settlement.

### Examples of The Most Frequently Used Beneficiary Designations

| Individual (Always show relationship to the insured) | Primary Beneficiary, if living | otherwise Contingent Beneficiary, if living | otherwise, Second Contingent |
|---|---|---|---|
| one beneficiary | Mary Doe Smith, wife | (leave blank) | (leave blank) |
| one primary beneficiary and one contingent beneficiary | Mary Doe Smith, wife | John Henry Smith, son | (leave blank) |
| two primary beneficiaries and one contingent beneficiary | Ernest Lee Smith, father
Helen Jones Smith, mother | Susan Smith Williams, sister | (leave blank) |
| one primary beneficiary, unnamed children as first contingent beneficiary and two second contingent beneficiaries | Mary Doe Smith, wife | children born of my marriage to Mary Doe Smith | Ernest Lee Smith, father
Helen Jones Smith, mother |
| unequal distribution (always use fractional or percentage proportions) | one-half to Helen Jones Smith, mother
one-fourth to Susan Smith Williams, sister
one-fourth to Harry Lewis Smith, brother | an individual Contingent Beneficiary, such as William Smith, nephew | (leave blank) |
| | 34% to Helen Jones Smith, mother
33% to Susan Smith Williams, sister
33% to Harry Lewis Smith, brother | | |
| **Business** | | | |
| Corporate beneficiary | XYZ Company, Inc
Greensboro, NC | (leave blank) | (leave blank) |
| Partner | George Allen Miller, partner | (leave blank) | (leave blank) |
| **Other** | | | |
| Insured's estate | Executors, Administrators or Assigns of the insured | (leave blank) | (leave blank) |
| Formal Trust Agreement | Trustee (Show Name and Address) under Trust Agreement Dated (show date) | (leave blank) | (leave blank) |
| Trustee Under Last Will | Trustee (put name and address if Trustee is named) Under last Will and Testament of Insured (include date of document) | (leave blank) | (leave blank) |

### SIGNATURE REQUIREMENTS

| Owner | Signature(s) Required |
|---|---|
| Individual | Policy Owner |
| Corporation, Bank of Financial Institution | One officer signature with title. We require a corporate resolution, which names all officers authorized to sign on behalf of corporation. |
| Conservator or POA | Signature of Conservator or POA dated within the last 12 months. We require that a copy of POA document be on file. If dated more than 12 months, we require an affidavit to accompany the request. |
| Trust | All Trustee(s) as authorized by the required trust documentation. We require the title pages (which indicate the full name of the trust with the date of trust along with the trustee names) and signatory pages of trust. |
| Partnership or LLC | We require one general/managing partner signature and a copy of the Partnership agreement for Partnerships OR one managing member's signature with a copy of the operating agreement for LLCs. |
| Custodian/Minor | We require court order - "Letter of Guardianship" or UGMA or UTMA paperwork. |
| Signed by an "X" | If signor is unable to sign and must sign with an "X" we require signature be notarized. |
| Stamped signatures | We will not knowingly accept a stamped signature. |
| All other interested parties | Contact customer service to verify signature(s) needed. |

Lincoln Financial Group is the marketing name for Lincoln National Corporation and its affiliates.
CS06893

Page 3 of 3
5/08

# EXHIBIT C

05BBBBBX.CVB
Apr. 1. 2011 2:17PM

No. 1044 P. 1

Customer Service Mailing Address
P.O. Box 515
Concord NH 03302-0515
PO Box 21008
Greensboro NC 27420-1008

 **Lincoln**
Financial Group®

## LIFE BENEFICIARY AND NAME CHANGE FORM

☐ Beneficiary Change     ☐ Name Change

### GENERAL INFORMATION
This section must be completed.

Policy/Certificate No.: MF5567663     Issued by (the Company): Jefferson Pilot

Insured's Name: Philip R. Lieberman

Current Owner's Name: Philip R. Lieberman

Current Owner's Social Security Number/Tax ID #

Current Owner's Address: 54 Honey Locust

City, State, Zip: Irvine, CA 92606

Daytime Telephone No.: 949-400-2944     Email Address: plieberman cpa@gmail.com

☐ Check here if new address

### BENEFICIARY DESIGNATION

*If this form does not accommodate your needs, please contact Customer Service.*

*Designations given in dollar amounts will not be accepted. However, designations given in percentages or fractions will be accepted.*

Unless otherwise stated below, if joint beneficiaries are named in any of the three classes (Primary, Contingent, or Second Contingent), the proceeds are to be paid equally to the survivor or survivors, if any, in the class. If unnamed children of the Insured are designated below as beneficiaries, the proceeds are to be paid to the Insured's lawful children unless otherwise specified.

If there is a provision in said policy requiring that it accompany any request for change of beneficiary or that such change shall not take effect until endorsed by the Company on the policy, such provision is hereby modified, and the beneficiary may be changed pursuant to this written request, which change will be effected by recordation by the Company at its Home Office or Administrative Office without action taken by the Company before such recordation.

If you are adding beneficiaries but not changing existing beneficiaries, you must restate all existing beneficiaries below as well.

Change beneficiaries on: (select one)
- ■ Base policy
- ☐ Primary Insured Rider
- ☐ Other Insured rider--on the life of the _____

- ☐ Children term rider(s)
- ☐ First to die rider
- ☐ Last to die rider

*If you do not select one of the options, we will automatically change the beneficiaries on the base policy and the primary insured rider (if applicable).*

*For Trust Designation see page 2.*

| | |
|---|---|
| ■ Primary Name Brittany N. Lieberman | |
| Social Security Number/Tax ID # | |
| Relationship to the Insured Daughter | Date of Birth 2/1/1990 |
| Address 54 Honey Locust Irvine, CA 92606 | |
| ☐ Primary ■ Contingent | |
| Name Will provide at a later date. | |
| Social Security Number/Tax ID # | |
| Relationship to the Insured | Date of Birth |
| Address | |
| ☐ Primary ☐ Contingent ☐ Second Contingent | |
| Name | |
| Social Security Number/Tax ID # | |
| Relationship to the Insured | Date of Birth |
| Address | |

Lincoln Financial Group is the marketing name for Lincoln National Corporation and its affiliates.

Page 1 of 3
10/10

CS06893

05BBBBBX.CVB
Apr. 1. 2011  2:17PM

No. 1044  P. 2

*Beneficiary Designation (continued)*

If the beneficiary is a Trust, complete the following:

| ☐ Primary | ☐ Contingent | ☐ Second Contingent |

Trust Name _____

Tax ID Number _____  Date of Trust _____

Trustee Name(s) _____

Trustee Name(s) _____

Address _____

*The potential for adverse tax consequences may exist when the insured, the beneficiary and the owner are all different. You may wish to consult with your tax advisor, attorney, or a representative of the Internal Revenue Service for specific information.*

## AUTHORIZATION AND SIGNATURES FOR BENEFICIARY CHANGES

*One officer's signature with title and corporate resolution papers are required for corporate-owned policies/certificates.*
*If owner is a trust, title pages (which indicates the full name, the trust with the date of trust along with the trustee names) and signatory pages of trust is required.*
***Title required for a corporation, partnership or trust.**

| | |
|---|---|
| Owner's Signature | 4/1/2011 |
| | Date |
| Philip R. Lieberman | |
| Name (print or type) | *Title |
| | |
| Owner's Signature | Date |
| | |
| Name (print or type) | *Title |
| | |
| Other Required Signature (if applicable) | Date |
| | |
| Name (print or type) | *Title |
| | |
| Witness Signature (Massachusetts only) | Date |

## NAME CHANGE

This change applies to:
☐ Insured  ☐ Owner  ☐ Assignee  ☐ Other
You are changing your name (please print Full Name)

From _____

To _____

Reason for name change:
☐ Marriage (attach a copy of certificate)
☐ Divorce (attach a copy of decree)
☐ Corporate Name Change (attach certified copy of Corporate Resolution authorizing the change)
☐ Other (please specify and attach a copy of court order)

☐ New Address (if applicable) _____

City, State, ZIP _____

Signature for Name Change _____  Date _____
(Signature required by Policy Owner or party whose name is changing)

Title _____

## HOME OFFICE ACKNOWLEDGEMENT

By _____  Recorded Date _____

Lincoln Financial Group is the marketing name for Lincoln National Corporation and its affiliates.
CS06893

Page 2 of 3
10/10

# EXHIBIT D

Nov. 21. 2011  3:48PM

No. 1986   P. 1

## ∩ Lincoln
### Financial Group®

Customer Service Mailing Address
P.O. Box 515
Concord NH 03302-0515
PO Box 21008
Greensboro NC 27420-1008

## LIFE BENEFICIARY AND NAME CHANGE FORM

■ Beneficiary Change        ☐ Name Change

### GENERAL INFORMATION
This section must be completed.

Policy/Certificate No.: MF5567663 _____ Issued by (the Company): Jefferson Pilot _____

Insured's Name: Philip R. Lieberman _____

Current Owner's Name: Philip R. Lieberman _____

Current Owner's Social Security Number/Tax ID # ▮▮▮▮▮_____

Current Owner's Address: 40 Ambroise _____

City, State, Zip: Newport Coast, CA  92657 _____

Daytime Telephone No.: 949-400-2944 _____ Email Address: pliebermancpa@gmail.com _____

■ Check here if new address

### BENEFICIARY DESIGNATION

*If this form does not accommodate your needs, please contact Customer Service.*

*Designations given in dollar amounts will not be accepted. However, designations given in percentages or fractions will be accepted.*

Unless otherwise stated below, if joint beneficiaries are named in any of the three classes (Primary, Contingent, or Second Contingent), the proceeds are to be paid equally to the survivor or survivors, if any, in the class. If unnamed children of the Insured are designated below as beneficiaries, the proceeds are to be paid to the Insured's lawful children unless otherwise specified.

If there is a provision in said policy requiring that it accompany any request for change of beneficiary or that such change shall not take effect until endorsed by the Company on the policy, such provision is hereby modified, and the beneficiary may be changed pursuant to this written request, which change will be effected by recordation by the Company at its Home Office or Administrative Office without action taken by the Company before such recordation.

If you are adding beneficiaries but not changing existing beneficiaries, you must restate all existing beneficiaries below as well.

Change beneficiaries on: (select one)
- ☐ Base policy
- ☐ Primary Insured Rider
- ☐ Other Insured rider--on the life of the _____

- ☐ Children term rider(s)
- ☐ First to die rider
- ☐ Last to die rider

*If you do not select one of the options, we will automatically change the beneficiaries on the base policy and the primary insured rider (if applicable).*

*For Trust Designation see page 2.*

| ■ Primary Name *Gloria Lieberman* |
| Social Security Number/Tax ID # ▮▮▮▮▮ |
| Relationship to the Insured Former spouse        Date of Birth 07/13/1969 |
| Address 40 Ambroise Newport Coast, CA  92657 |

| ☐ Primary    ☐ Contingent |
| Name _____ |
| Social Security Number/Tax ID # _____ |
| Relationship to the Insured _____        Date of Birth _____ |
| Address _____ |

| ☐ Primary    ☐ Contingent    ☐ Second Contingent |
| Name _____ |
| Social Security Number/Tax ID # _____ |
| Relationship to the Insured _____        Date of Birth _____ |
| Address _____ |

Lincoln Financial Group is the marketing name for Lincoln National Corporation and its affiliates.

CS06893

Page 1 of 3
10/10

Nov. 21. 2011 3:49PM                                      No. 1986  P. 2

*Beneficiary Designation (continued)*

If the beneficiary is a Trust, complete the following:

| ☐ Primary | ☐ Contingent | ☐ Second Contingent |
|---|---|---|

Trust Name _____

Tax ID Number _____ Date of Trust _____

Trustee Name(s) _____

Trustee Name(s) _____

Address _____

*The potential for adverse tax consequences may exist when the insured, the beneficiary and the owner are all different. You may wish to consult with your tax advisor, attorney, or a representative of the Internal Revenue Service for specific information.*

## AUTHORIZATION AND SIGNATURES FOR BENEFICIARY CHANGES

*One officer's signature with title and corporate resolution papers are required for corporate-owned policies/certificates.*
*If owner is a trust, title pages (which indicates the full name, the trust with the date of trust along with the trustee names) and signatory pages of trust is required.*
*\*Title required for a corporation, partnership or trust.*

_____                    11/21/2011
Owner's Signature                                   Date

Philip R. Lieberman
Name (print or type)                                \*Title

_____                    _____
Owner's Signature                                   Date

_____                    _____
Name (print or type)                                \*Title

_____                    _____
Other Required Signature (if applicable)            Date

_____                    _____
Name (print or type)                                \*Title

_____                    _____
Witness Signature (Massachusetts only)              Date

## NAME CHANGE

This change applies to:
☐ Insured    ☐ Owner    ☐ Assignee    ☐ Other
You are changing your name (please print Full Name)

From _____

To _____

Reason for name change:
☐ Marriage (attach a copy of certificate)
☐ Divorce (attach a copy of decree)
☐ Corporate Name Change (attach certified copy of Corporate Resolution authorizing the change)
☐ Other (please specify and attach a copy of court order)

☐ New Address (if applicable) _____

City, State, ZIP _____

Signature for Name Change _____ Date _____
                          (Signature required by Policy Owner or party whose name is changing)

Title _____

## HOME OFFICE ACKNOWLEDGEMENT

By _____                      Recorded Date _____

Lincoln Financial Group is the marketing name for Lincoln National Corporation and its affiliates.
CS06893

Page 2 of 3
10/10

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Josephine Tucker and the assigned discovery Magistrate Judge is Robert N. Block.

The case number on all documents filed with the Court should read as follows:

## SACV12- 540 JST (RNBx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [_] **Western Division** | [X] **Southern Division** | [_] **Eastern Division** |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)        NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

Name & Address:
Douglas A. Scullion (SBN 215339)
Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| The Lincoln National Life Insurance Company | CASE NUMBER |
|---|---|
| PLAINTIFF(S) | **SACV12 - 00540 JST (RNBx)** |
| v. | |
| Allen S. Lieberman, Brian Lieberman, Brittany N. Lieberman, Douglas Lieberman, Gloria Lieberman, Jerry Lieberman, Lorraince Lieberman, Peter Weitzner | **SUMMONS** |
| DEFENDANT(S). | |

TO:     DEFENDANT(S):

        A lawsuit has been filed against you.

        Within __21__ days after service of this summons on you (not counting the day you received it), you
must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint
☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer
or motion must be served on the plaintiff's attorney, _Douglas A. Scullion_____, whose address is
_275 Battery Street, Suite 2000, San Francisco, CA 94111_____. If you fail to do so,
judgment by default will be entered against you for the relief demanded in the complaint.  You also must file
your answer or motion with the court.


                                        Clerk, U.S. District Court

Dated:  APR - 9 2012

        By: ___**DODJIE LAGMAN**_____
                        Deputy Clerk

                        *(Seal of the Court)*


*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed
60 days by Rule 12(a)(3)].*

Name & Address:
Douglas A. Scullion (SBN 215339)
Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

## UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

| The Lincoln National Life Insurance Company | CASE NUMBER |
| | **SACV12 – 00540 JST (RNBx)** |
| PLAINTIFF(S) | |
| v. | |
| Allen S. Lieberman, Brian Lieberman, Brittany N. Lieberman, Douglas Lieberman, Gloria Lieberman, Jerry Lieberman, Lorraince Lieberman, Peter Weitzner | **SUMMONS** |
| DEFENDANT(S) | |

TO:     DEFENDANT(S):

A lawsuit has been filed against you.

Within   21   days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney, Douglas A. Scullion_____, whose address is 275 Battery Street, Suite 2000, San Francisco, CA 94111_____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated:  APR - 9 2012  _____          By: _____  **DODJIE LAGMAN**

Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

CV-01A (10/11)                                   SUMMONS

Name & Address:
Douglas A. Scullion (SBN 215339)
Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| The Lincoln National Life Insurance Company | CASE NUMBER |
|---|---|
| | **SACV12 - 00540 JST (RNBx)** |
| PLAINTIFF(S) | |
| v. | |
| Allen S. Lieberman, Brian Lieberman, Brittany N. Lieberman, Douglas Lieberman, Gloria Lieberman, Jerry Lieberman, Lorraince Lieberman, Peter Weitzner | **SUMMONS** |
| DEFENDANT(S). | |

TO:     DEFENDANT(S):

    A lawsuit has been filed against you.

    Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney, _Douglas A. Scullion_____, whose address is _275 Battery Street, Suite 2000, San Francisco, CA 94111_____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

**DODJIE LAGMAN**

Dated: _APR - 9 2012_____

By: _____

Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
THE LINCOLN NATIONAL LIFE INSURANCE COMPANY

**DEFENDANTS**
ALLEN S. LIEBERMAN, BRIAN LIEBERMAN, et al.

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing
yourself, provide same.)

Douglas A. Scullion, Esq., Gordon & Rees, LLP, 275 Battery Street, Suite 2000,
San Francisco, CA 94111; (415) 986-5900

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff

☐ 3 Federal Question (U.S.
Government Not a Party)

☐ 2 U.S. Government Defendant

☑ 4 Diversity (Indicate Citizenship
of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☑ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☑ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify):
☐ 6 Multi-District Litigation
☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☐ Yes  ☑ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes  ☑ No   ☐ **MONEY DEMANDED IN COMPLAINT:** $ _____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
28 U.S.C. section 1332, 1335

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 540 Mandamus/ Other | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | FORFEITURE / PENALTY | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 365 Personal Injury- Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | SOCIAL SECURITY |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | REAL PROPERTY | IMMIGRATION | ☐ 446 American with Disabilities - Other | ☐ 640 R.R. & Truck | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | ☐ 462 Naturalization Application | ☐ 440 Other Civil Rights | ☐ 650 Airline Regs | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | ☐ 463 Habeas Corpus- Alien Detainee | | ☐ 660 Occupational Safety /Health | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | ☐ 465 Other Immigration Actions | | ☐ 690 Other | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

**SACV12 - 00540 JST (RNBx)**

**FOR OFFICE USE ONLY:**   Case Number: _____

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a).  IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No  ☐ Yes
If yes, list case number(s): _____

**VIII(b).  RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No  ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)  ☐ A.  Arise from the same or closely related transactions, happenings, or events; or
                              ☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or
                              ☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or
                              ☐ D.  Involve the same patent, trademark or copyright, *and* one of the factors identified above in a, b or c also is present.

**IX. VENUE:**  (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐  Check here if the government, its agencies or employees is a named plaintiff.  If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
|  | State of Indiana |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐  Check here if the government, its agencies or employees is a named defendant.  If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange County | Clark County, Nevada |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
    **Note:  In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange County |  |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note:  In land condemnation cases, use the location of the tract of land involved

X.  SIGNATURE OF ATTORNEY (OR PRO PER): _____  Date *April 6 2012*

Notice to Counsel/Parties:  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law.  This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet.  (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |